```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 18-CIV-21095-SCOLA
                              MAGISTRATE JUDGE P. A. WHITE
```

YASSIR MEHMOOD,

    Petitioner,

v.                                        **REPORT OF**
                                          **MAGISTRATE JUDGE**
JEFF SESSIONS, et al.


    Respondent.[1]
_____/

## I. Introduction

Petitioner, Yassir Mehmood, has filed this *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, challenging his continued detention by the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE"). The gist of Petitioner's argument is that he is being unlawfully and indefinitely detained, at Krome Processing Center ("Krome"), while a final order of removal for repatriation to Pakistan is pending. He claims his continued detention is unconstitutional, that the determination that his prior convictions are aggravated felonies is incorrect, and that he was not provided with due process when the Immigration Court made its aggravated felony determination. As

---

[1] A writ of habeas corpus must "be directed to the person having custody of the person detained." See 28 U.S.C. § 2243. In Rumsfeld v. Padilla, the Supreme Court explained that the proper respondent is the immediate custodian. Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004). Thus, the proper respondent is not a supervisory official who exercises legal control. Id. at 439. Because Petitioner is presently detained at Krome Service Processing Center, Petitioner's immediate custodian is Juan L. Acosta, the Assistant Field Office Director of that detention center. Accordingly, the proper respondent should be Assistant Office Director Acosta, in his official capacity.

relief, he requests his immediate conditional release, or to be released on bail.

This case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B). Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 may be applied to cases brought pursuant to 28 U.S.C. § 2241. See also 28 U.S.C. §2243 (providing that a §2241 petition cannot be dismissed unless it appears from the application that the person detained is not entitled to the relief requested). For its review, this Court reviewed the "Petition for expedited immigration Habeas Corpus," construed as an amended petition (DE#12), and the Response to the Order to Show Cause (DE#17).

## II. Factual and Procedural Background

Petitioner, Mr. Yasir Mehmood, is a native and citizen of Pakistan. (DE#17-1 at 2-4). Petitioner was admitted as a conditional lawful permanent resident on August 8, 2009. (DE#17-1 at 3). On February 14, 2017, Petitioner pled guilty and was convicted of Bank Fraud, in violation of 18 U.S.C. § 1344(1) and (2), and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). See United States v. Mehmood, Case No. 2:12-cr-00154-JAM (E.D. Cal. Feb. 14, 2017). Petitioner served thirty (30) months on his conviction for Bank Fraud and twenty-four (24) months on his conviction for Aggravated Identity Theft. The sentences ran consecutively for a total of fifty-four (54) months.

Petitioner was detained by Immigration and Customs Enforcement ("ICE") on February 23, 2017. (DE#17-1 at 2-4). A Notice to Appear ("NTA") was served on February 27, 2017. (DE#17-1 at 6-8). The NTA

charged Petitioner with removability. (DE#17-1 at 7). The NTA was served by the immigration court in Las Vegas, Nevada. (DE#17-1 at 6).

On July 19, 2017, while Petitioner's removal proceeding was pending, he was transferred to Krome. Petitioner is presently detained there. The Immigration Judge denied Petitioner's applications for relief and issued an order for removal. (DE#17-1 at 10-22). Petitioner appealed to the Board of Immigration Appeals ("BIA"). The BIA agreed with the majority of the Immigration Judge's findings. (DE#17-1 at 24-26). But ultimately, the BIA remanded the case for credibility findings as to Petitioner's claim for deferral of removal, which relied upon allegations that Petitioner was afraid of being harmed by the Taliban for being gay given alleged experiences he endured in Pakistan. (DE#17-1 at 25-26).

On March 9, 2018, Petitioner requested a redetermination as to his custody. (DE#17-1 at 28). On March 22, 2018, the Immigration Judge issued an order finding Petitioner subject to mandatory detention and concluding that the immigration court no longer had jurisdiction to hold a bond hearing. (DE#17-1 at 28-30). Petitioner appealed that decision to the BIA. (DE#12 at 3).

In addition, according to the Amended Petition, Petitioner appealed to the BIA on April 13, 2018, presumably as to the credibility issue regarding his fear of harm claim referenced earlier. (DE#12 at 3). Respondent seems to refer to this second appeal as well, which he states was transferred back to the BIA on March 12, 2018.

On March 22, 2018, Petitioner filed his § 2241 habeas petition

in this Court. The amended petition was filed on May 4, 2018. (DE#12).

### III. Discussion

Petitioner asks this Court to intervene and conclude that the immigration court erroneously decided that his felonies qualify as aggravated felonies and that the immigration court did not properly notice him in the NTA that his prior convictions would qualify as aggravated felonies. In essence, Petitioner contends that he should have his conditional release granted and be released on bail. However, Petitioner is not entitled to the relief requested.

When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the government has 90 days to secure the aliens removal. See 8 U.S.C. §1231(a)(1)(A). During this removal period, the alien remains in custody. See 8 U.S.C. §1231(a)(2). The removal period beings on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

See 8 U.S.C. §1231(a)(1)(B). If the alien is not removed during the 90-day period, further detention is authorized by statute. See 8

U.S.C. §1231(a)(6). However, continued detention beyond the 90-day statutory removal period is not indefinite.

In Zadvydas v. Davis, the Supreme Court found that 8 U.S.C. §1231(a)(6) does not authorize immigration officials to hold removable aliens in custody indefinitely. While an alien can be detained during the 90-day removal period contemplated by the statute, the alien can be held for only a reasonable period thereafter. Zadvydas v. Davis, 533 U.S. 678, 698-701 (2001). The total reasonable period of detention is presumed to be six months (the 90-day statutory period under §1231(a)(1)(A) plus an additional 90-days under §1231(a)(6)), unless immigration officials can show that there is a "significant likelihood of removal in the reasonably foreseeable future." (Id.).

Thus, to be granted relief from post-removal order detention, pursuant to Zadvydas, a petitioner must first show that he has been detained beyond the six-month period declared by the Supreme Court to be a presumptively reasonable time to detain a removable alien. Akinwale v. Ashcroft, 287 F.3d 1050, 1051-52 (11th Cir. 2002). Next, he must provide evidence to believe that there is no significant likelihood of removal in the foreseeable future. Zadvydas, 533 U.S. at 698-701; Akinwale, 287 F.3d at 1052. Neither showing has been made here.

In Akinwale, the Eleventh Circuit held that the six month presumptively reasonable removal period must have expired at the time the alien's habeas corpus petition was filed in order to state a claim pursuant to Zadvydas. Akinwale, 287 F.3d at 1052. In so holding, the court agreed with the magistrate judge's recommendation that the petition be dismissed without prejudice because the alien filed it prematurely.

Here, by Petitioner's own admission, "there is no final order of removal." (DE#13 at 4). Respondent addresses this point as well. (DE#17 at 9). Accordingly, Petitioner is not entitled to presumptive relief until six months after the removal period begins as discussed above. Petitioner has filed the instant petition for habeas corpus before the expiration of the presumptively reasonable removal period. Consequently, his petition challenging his continued detention is not ripe for habeas review and should be dismissed.

In sum, Petitioner has failed to present any facts or arguments entitling him to relief from this Court in this habeas corpus proceeding. More specifically, he has not shown facts indicating that ICE is incapable of executing his removal to **Pakistan** and that his detention will be of an indefinite nature.[2] Accordingly, dismissal of the instant petition is warranted. Because circumstances may ultimately change in Petitioner's situation, the dismissal should be without prejudicing Petitioner's ability to file a new §2241 petition, in the future, that may seek to state a claim upon which habeas relief can be granted. See Akinwale, 287 F.3d at 1052.

## IV. Conclusion

It is therefore recommended that the petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 be dismissed without prejudice to Petitioner's right to file a future petition

---

[2] As to Petitioner's challenges regarding the denial of bail, the Immigration Judge's determination that Petitioner's convictions are aggravated felonies, and the NTA was defective in some way, Petitioner has not waived those appeals. In fact, those matters appear to be pending either in the BIA or until a final order of removal has been issued. Because Petitioner does not dispute this, the instant petition is premature as to these issues as well.

if circumstances change.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 23rd day of May, 2018.

UNITED STATES MAGISTRATE JUDGE

cc: Yassir Mehmood
060196932
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
PRO SE

Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov


Alicia Hayley Welch
U.S. Attorney's Office
Civil Division
99 N.E. 4th Street
Miami, FL 33132
305-961-9370
Email: Alicia.Welch@usdoj.gov