United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Yasir Mehmood, Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| United States Attorney General, Jeff | ) | Civil Action No. 18-21095-Civ-Scola |
| Sessions, in his official capacity, | ) | |
| and Juan Acosta Warden, (OIC), | ) | |
| Krome SPC, A.F.O.D.. ICE-DHS, | ) | |
| Respondents. | ) | |

### Order Adopting Magistrate Judge's Report And Recommendation

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On May 23, 2018, Judge White issued a report, recommending that the Court dismiss Petitioner Yasir Mehmood's petition for writ of habeas corpus under 28 U.S.C. § 2241. (Report of Magistrate, ECF No. 18.) Mehmood has timely filed objections to Judge White's report and recommendations (Pet.'s Objs., ECF No. 22).[1]

The Court has considered—de novo—Judge White's report, the record (including Mehmood's objections as well as his untimely response to the Respondents' response), and the relevant legal authorities. Mehmood's complaint, as set forth in his amended petition, centers on his United States Immigration and Customs Enforcement detention during the pendency of his removal proceedings. After serving a sentence as a result of his conviction for bank fraud and aggravated identity theft, Mehmood was detained by ICE on February 23, 2017 and it appears that he remains detained to this day. As set forth in his petition, Mehmood objects to an immigration judge's determination that he is subject to mandatory detention under 8 U.S.C. § 1226(c) during the pendency of his removal proceedings. As Judge White notes, however, the immigration judge's decision on this issue, as well as the judge's removal decision, is currently pending review before the Board of Immigration Appeals. As such, Mehmood's petition on the bases set forth in his petition is premature. The Court thus **adopts and affirms** Judge White's report and recommendation to the extent it dismisses Mehmood's petition without prejudice.

---

[1] Mehmood has also filed an opposition, though untimely, to the Respondents' response to Judge White's order to show cause. (ECF No. 21.)

At the same time, the Court notes that Mehmood raises a different issue in his late-filed response as well as in his objections. In these filings, Mehmood presents, for the first time, issues related to the length of, rather than the fact of, his pre-removal detention. Because Mehmood did not raise this issue before Judge White and because the Respondent has not had an opportunity to address the issue before Judge White, the Court declines to consider the issue at this time.[2]

Instead, the Court affords Mehmood the opportunity to file a second amended petition to the extent he seeks to challenge the reasonableness of the length of his pre-removal detention without an individualized bond hearing. *See, e.g.*, *Mohamed v. Sec'y, Dep't of Homeland Sec.*, No. CV 17-5055 (DWF/DTS), 2018 WL 2392205, at \*5 (D. Minn. Mar. 26, 2018), *report and recommendation adopted*, No. CV 17-5055 (DWF/DTS), 2018 WL 2390132 (D. Minn. May 25, 2018) (recognizing that, at some point, a petitioner may have the right to an "individualized determination that [he] is a flight risk or that his release would endanger the community"). Mehmood must file his second amended petition on or before **July 11, 2018**. If Mehmood fails to file a second amended petition, consistent with the foregoing, the Court will close this case. Should Mehmood submit a second amended petition as directed, this matter remains **referred** to Judge White.

**Done and ordered**, at Miami, Florida, on June 21, 2018.

Robert N. Scola, Jr.
United States District Judge

---

[2] Furthermore, the Court notes that Mehmood's characterization of the proceedings before the immigration judge in his amended petition conflicts with the allegations presented in his response and objections. In his petition, Mehmood complains that "his constitutional due process rights were violated at his bond hearing." (Pet.'s Petition, ECF No. 12, 10.) Conversely, in both his response and his objections, Mehmood maintains that he has not in fact been afforded any bond hearing at all. (Pet.'s Resp., ECF No. 21, 1; Pet.'s Objs. at 1.)