United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Yasir Mehmood, Petitioner, ) | |
| v. ) | |
| ) | |
| United States Attorney General, Jeff ) | Civil Action No. 18-21095-Civ-Scola |
| Sessions, in his official capacity, ) | |
| and Juan Acosta Warden, (OIC), ) | |
| Krome SPC, A.F.O.D.. ICE-DHS, ) | |
| Respondents. ) | |

**Order Adopting Magistrate Judge's Report and Recommendation**

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On May 23, 2018, Judge White issued a report, recommending that the Court dismiss Petitioner Yasir Mehmood's amended petition for a writ of habeas corpus under 28 U.S.C. § 2241. (1st Rep. & Rec., ECF No. 18.) While the Court adopted Judge White's recommendation, it also afforded Mehmood the opportunity to file a second amended petition to the extent he sought to challenge the reasonableness of the length of his pre-removal detention without an individualized bond hearing. (Order, ECF No. 23, 2.) Mehmood filed a second amended petition (ECF No. 24)[1] and thereafter Judge White once again recommended denying Mehmood's request for habeas relief (2nd Rep. & Rec., ECF No. 58). Mehmood has timely objected to that report (ECF No. 61) and the Government has in turn responded to those objections (ECF No. 66).[2] After a thorough review of Judge White's report, the Court overrules Mehmood's objections and **adopts** Judge White's ultimate recommendation that Mehmood's petition be denied. (**ECF No. 58**.)

By way of background, Mehmood is a native and citizen of Pakistan. (2nd Rep. & Rec. at 4.) After his marriage to a United States citizen, however, he was

---

[1] To the extent Mehmood raises matters in his second amended petition that stray beyond concerns relating to the length of his pre-removal detention without a bond hearing, the Court has disregarded those issues as not properly before the Court. Those issues have either already been considered and ruled on by both Judge White and this Court or were raised beyond the scope of what the Court directed Mehmood to address in his amended petition.

[2] Mehmood has also filed what he labels his "Opposition to Government's reply." (ECF No. 70.) However, neither the federal rules nor this Court's local rules provide for the filing of a reply brief in support of objections to a magistrate judge's report and recommendation. The Court thus **strikes** this filing. (**ECF No. 70**.)

admitted to the United States, in August 2009, as a conditional lawful permanent resident. (*Id.*) Nearly three years later, in April 2012, Mehmood was charged with sixty-two counts of various criminal violations, including bank fraud, aggravated identity theft, mail fraud, and credit card fraud. (*Id.*) Mehmood eventually pleaded guilty and was convicted, in February 2017, of one count of bank fraud and one count of aggravated identity theft in the District Court of the Eastern District of California. The court there sentenced Mehmood to imprisonment for fifty-four months. (*Id.* at 48.) Thereafter, because of his conviction, Immigration and Customs Enforcement lodged a detainer against Mehmood. He was ultimately transferred directly to ICE from the custody of the United States Marshals on February 23, 2017. He has remained in immigration custody since then, during the pendency of his removal proceedings.

Mehmood complains that the length of his detention without a bond hearing, now closing in on two years, constitutes a due-process violation under the Constitution. The Court acknowledges that Mehmood's immigration detention has indeed been lengthy and that perhaps, as a practical matter, a bond hearing in this case would have been a more efficient means of addressing Mehmood's concerns. But, in light of both the unique facts presented here and the current state of the legal landscape, the Court cannot say that a bond hearing in this particular case is constitutionally compelled.

Although there is no question that Mehmood's removal proceedings have been delayed, Mehmood has not succeeded in convincing the Court that immigration officials are responsible for unreasonably or unjustifiably prolonging his detention.[3] *See Demore v. Kim*, 538 U.S. 510, 532 (2003) (Kennedy, J., concurring) ("[A] lawful permanent resident alien such as respondent could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified.") Based on a careful review of the record in this case, the Court finds no indication that immigration officials have caused any unreasonable or unjustified delay or that immigration officials have acted in bad faith regarding Mehmood's immigration proceedings. *See Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 6:18-CV-01175 SEC P, 2018 WL 6036709, at *5 (W.D. La. Nov. 16, 2018) ("It is unlikely that a petitioner can satisfy this standard absent

---

[3] Judge White concludes that "it is unclear whether the delay," which he describes as "an unreasonable amount of time," "was caused by immigration officials." (2nd Rep. & Rec. at 50.) While the Court agrees that the length of Mehmood's detention has certainly been prolonged, the Court does not find, under the peculiar circumstances of this case, the time period to be actually unreasonable—at least with respect to the actions of immigration officials. The Court thus modifies Judge White's report in this regard.

evidence of government wrongdoing in connection with the removal proceedings, such as actions that unreasonably prolong the removal proceeding or actions taken in bad faith.") And, further, even if the Court did find some aspect of the delay unreasonable, it nonetheless appears the purpose of Mehmood's detention is simply "to facilitate deportation, or to protect against risk of flight or dangerousness" and there is certainly no indication from the record that Mehmood's detention is instead meant "to incarcerate for other reasons." *Demore*, 538 U.S. 532–33 (Kennedy, J., concurring).

      The Court has reviewed—de novo—those portions of the report and recommendation to which Mehmood has specifically objected. And the Court has reviewed the remainder of the report for clear error. For the reasons set forth above, in addition to the due-process analysis supplied by the Government in its response to Mehmood's objections, the Court **overrules** Mehmood's substantive objections (**ECF No. 61**)[4] and denies his second amended petition in its entirety (**ECF No. 24**). The Court's denial of Mehmood's petition is without prejudice to Mehmood's filing a new petition should the circumstances of his detention change.

      The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

      **Done and ordered**, at Miami, Florida, on January 28, 2019.

                                                      Robert N. Scola, Jr.
                                                    United States District Judge

---

[4] The Court notes that Mehmood also objects to Judge White's recommendation that the Court not issue a certificate of appealability. Mehmood is correct that a certificate of appealability is not needed to appeal the denial of a petition submitted under § 2241. *Sawyer v. Holder,* 326 F.3d 1363, 1364 n. 3 (11th Cir. 2003). The Court thus disregards this aspect of Judge White's recommendation.